# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**                                                                 **CRIM NO.: 21-103(CJN)**

**ROBERT PACKER**

## MOTION FOR STAY OF START OF
## SENTENCE OF IMPRISONMENT AND TO ALLOW
## DEFENDANT TO REMAIN ON PERSONAL RECOGNIZANCE
## PENDING APPEAL

Defendant, by and through undersigned counsel, does hereby respectfully seek a stay to the start of imposition of his 75-day sentence of incarceration and to permit him to remain on release pending appeal. In support thereof, defendant sets forth as follows:

1. Mr. Packer was arrested in connection with the events at the U.S. Capitol on January 6, 2021. He was charged in a two-count complaint with Entering and Remaining in a Restricted Building and Parading, Demonstrating or Picketing in a Capitol Building.

2. On January 26, 2022 , defendant appeared before this Court and

entered a plea of guilty to one count of Parading, Demonstrating, or Picketing in the Capitol Building, in violation of 40 U.S.C. Sec. 5104 (e)(2)(G).

    3. The United States sought a sentence of 75 days of imprisonment. Defendant argued that a period of probation was appropriate given his criminal history related to traffic convictions as a consequence of his alcohol addiction, his continued employment and his acceptance of guilt.

    4. On September 15, 2022, this Court imposed a sentence of 75 days of imprisonment. Defendant is due to voluntarily surrender to the United States Bureau of Prisons on October 20, 2022.

    5., Defendant noted an appeal to the United States Circuit Court of Appeals for the District of Columbia. On October 3, 2022, undersigned counsel was appointed to represent defendant on appeal.

## ARGUMENT

    18. U.S.C. Sec. 3143 (b) states as follows:

Release or detention pending appeal by the defendant—(1) Except as provided in Paragraph (2), the judicial officer shall order that a person who has been found guilty of any offense and sentenced to. Period imprisonment, and who has filed an appeal…., be detained, unless the judicial officer finds—

(A) By clear and convincing evidence that the person is not likely to flee oir pose a danger to the safety of any other person in the community if released under section 3142 (b) or (c) of this title; and

(B) That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) Reversal;

(ii) An order for a new trial;

(iii) A sentence that does not include a term of imprisonment;

(iv) A reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In *United States v. Stanley*, the United States Court Appeals for the District of Columbia Circuit discussed the question of release of a convicted party while the case is on appeal.

> '
> The Bail Reform Act requires release of a convicted defendant pending an appeal unless the appeal is frivolous or a procrastinating maneuver, or unless there is reason to believe that no conditions of release will reasonably assure that he will not flee or pose a danger to another or to the community. The Act thus reflects a policy strongly favoring posttrial as well as pretrial release….

469 F.2d 576, 587 ( D.C Cir. 1972).
'

It is clear from the record in this case that defendant does not pose a risk of flight. He has been on release on his own personal recognizance since his arrest on January 13, 2021. When he made his initial appearance in the District of Columbia on January 19, 2021, defendant was released on his own personal recognizance. Following the entry of defendant's plea of guilty on January 26, 2022, he remained free on his own personal recognizance. It is important to note that upon defendant's entry of a plea of guilty before this Court, he was specifically advised that he faced a sentence of up to six months in prison, a fine up to $5,000.00 and placement on a term of probation not to exceed 5 years.

Notwithstanding defendant's knowledge of the prison sentence this Court has imposed, the Court had enough confidence in defendant not being a danger to the community that it allowed him to remain free on his own personal recognizance. Defendant has confirmed the Court's belief in his not being either a risk of flight or danger to the community post-sentencing as he has completely abided by all conditions of his pre-surrender release. Now facing a sentence of 2.5 months of incarceration, there is no evidence whatsoever that defendant presents a risk of flight in order to avoid the imposed sentence or that he poses a threat to any member of the community.

Defendant has noted an appeal of his sentence following the entry of his plea of guilty. Defendant will be raising sentencing issues that address whether he received a disproportionately lengthy sentence compared to other defendants who were similarly convicted of the identical misdemeanor offense. In his Memorandum in Aid of Sentencing, defendant cited other cases involving the same misdemeanor offenses where lesser sentences were imposed. See, Pages 21-28 of defendant's Memorandum in Aid of Sentencing, PACER Document 50. *United States* v. *Curzio*, 21-CR-41 (CJN) six month sentence imposed where defendant was held in excess of the 6 months pre-sentencing; United States v. Rukstales, 21-CR-41 (CJN), 30 day sentence; *United States v. Troy* Williams, 21;CR-82 (CJN), probation; *United States v. Dalton Crase*, 21-CR-82 (CJN), probation; *United States v. David Mish*, 21-CR-112 (CJN), 30 day sentence; *United States v. Brian Stenz*, 21-CR-456 (BAH), 14 day prison sentence.

Defendant did not engage in any acts of violence inside the Capitol. However, he was wearing an offensive T-shirt. While the T-shirt contained an offensive expression, the expression and the wearing of the T-shirt is protected by the First Amendment to the United States Constitution. "If there is bedrock principle underlying the First Amendment, it is that the

government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable. *Texas v. Johnson*, 491 U.S. 397, 414 (1989) ; *Carey v. Brown*, 447 U.S. 455, 462-63 (1980).

Defendant is formulating substantial issues related to disparity of sentencing and whether his T-shirt expression was an improper factor for consideration in reaching the imposed sentence of 75 days of incarceration. However, there is not currently enough information to defendant to properly formulate the issues and to present them in a brief to the Circuit Court. The sentencing transcript is not presently available for review.

Appellant's brief is due to be filed in the Circuit Court on November 14, 2022. During the time prior to the filing of the brief, defendant's counsel will be thoroughly reviewing the trial record, researching other sentences and preparing the appellate brief. This effort cannot be completed by October 20, 2022. Defendant simply needs additional time to develop his argument. His prison sentence will have concluded by the time the Circuit Court is able to reach a decision on the appeal. The interests of justice suggest that defendant be able to defer commencement of his sentence of imprisonment until such time as the Circuit Court is able to consider issues raised by defendant pertaining to his sentence.

## CONCLUSION

In deciding issues related to bond pending appeal, "the petitioner need not show that he should prevail on the merits…Rather, he must demonstrate that the issues are debatable among jurists of reason." *Barefoot v. Estelle,* 463 U.S. 880,893 n.4 (1983).

Defendant needs additional time to develop substantial issues and respectfully requests a stay of the start of the 75-day imposed sentence so he can have a meaningful consideration of the issues to be addressed in the D.C. Circuit Court of Appeals without having to commence the sentence of imprisonment.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 3470-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon all counsel of record on this 16th day of October, 2022.

_____/s/_____
Steven R. Kiersh

'