UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 1:21-cr-00103 (CJN) |
| ROBERT KEITH PACKER, | |
| *Defendant*. | |

### ORDER

Before the Court is Defendant Robert Packer's motion to stay his sentence of imprisonment and remain on personal recognizance pending appeal, which was filed four days before his voluntary surrender to the Bureau of Prisons. Def.'s Mot. at 2, ECF No. 58. Because Packer has now begun serving his sentence of imprisonment, the Court construes the motion as a motion for release pending appeal. The Government opposes, arguing that Packer fails to raise a substantial question of law or fact that is likely to result in a reduced sentence. Gov't Opp. at 6–7, ECF No. 60. The Court agrees with the Government and therefore denies the motion.

Under the Bail Reform Act, "a person who has been found guilty of an offense and sentenced to a term of imprisonment" and who has filed an appeal challenging his sentence of imprisonment must be detained pending appeal unless the Court finds, among other things not disputed here, that the appeal "raises a substantial question of law or fact likely to result in" either "a sentence that does not include a term of imprisonment" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). A substantial question is one that is "close" or "very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987)

1

(quotations omitted). And as the Court of Appeals has recognized, "[t]he law has shifted from a presumption of release" pending appeal. *Id.* at 556.

Here, Packer's appeal raises questions that are not substantial and that are not likely to lead to a reduced sentence. As summarized in his motion, Packer will raise "sentencing issues that address whether he received a disproportionately lengthy sentence compared to other defendants" convicted of the same offense. Def.'s Mot. at 5. More specifically, he plans to raise issues "related to disparity of sentencing" and whether the Court improperly considered the offensive clothing that he wore when he committed the offense. *Id.* at 5–6.

Appeal of these sentencing issues appears to be foreclosed by the appeal waiver in Packer's plea agreement, in which he agreed "to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment . . . and the manner in which the sentence was determined," unless the Court imposed a sentence "above the statutory maximum or guidelines range determined by the Court." Plea Agreement at 5, ECF No. 37. The sentencing guidelines do not apply here, and the 75-day sentence of imprisonment is well below the statutory maximum of six months. *See* U.S.S.G. § 1B1.9 (stating that the sentencing guidelines do not apply to Class B misdemeanors); 40 U.S.C. § 5109(b) (establishing the statutory maximum for offenses under 40 U.S.C. § 5104(e)(2)(G)). Packer does not argue that the appeal waiver is invalid, and therefore the issues he intends to raise on appeal will not likely result in a reduced sentence. Further, the Court carefully considered each of the factors listed in 18 U.S.C. § 3553(a) when determining an appropriate sentence and imposed a reasonable sentence below the statutory maximum.

For these reasons, the defendant is not entitled to release pending resolution of his appeal, and his motion is **DENIED**.

DATE:  November 3, 2022

_____
CARL J. NICHOLS
United States District Judge